Case: 25-6CV-C00127 - ALAN J WILKERSON ET AL v. THE UNITED STATES DEPART Case Header

| | |
|---|---|
| **Judge/Commissioner Assigned** | DORSETT, TONY |
| **Date Filed** | 12/15/2025 |
| **Location** | Washington |
| **Case Type** | CC Other Real Estate Actions |
| **Disposition** | Not Disposed |
| **Financial Information** | |



GOVERNMENT EXHIBIT

A

WILKERSON, ALLAN J. -Plaintiff

**Address:** 600 WASHINGTON AVENUE, 25TH FL ST. LOUIS, MO 63101
**Year of Birth:** 1944

> Represented By

GREENBERG, JOHN BRADLEY - Attorney for Plaintiff

**Address:** 600 WASHINGTON AVE SUITE 2500 ST LOUIS, MO 63101

---

WILKERSON, PHYLLIS -Plaintiff

**Address:** 600 WASHINGTON AVENUE, 25TH FL ST. LOUIS, MO 63101
**Year of Birth:** 1947

> Represented By

GREENBERG, JOHN BRADLEY - Attorney for Plaintiff

**Address:** 600 WASHINGTON AVE SUITE 2500 ST LOUIS, MO 63101

---

THE UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMEN - Defendant

**Address:** THOMAS C. ALBUS, INTERIM U.S. 111 SOUTH TENTH STREET, 20TH F ST. LOUIS, MO 63102

---

BONDI, PAM - Respondent

**Address:** UNITED STATES DEPARTMENT OF JU 950 PENNSYVANIA AVE NW WASHINGTON, DC 20530

Case: 4:26-cv-00012-NMD Doc. #: 1-5 Filed: 01/29/26 Page: 3 of 51 PageID #: 14

| **Respond to Selected Documents**

**Sort Date Entries: Descending Ascending**

**Display Options:** All Entries ⌄

**12/18/2025**

**Summons Issued-Circuit**
Document ID: 25-SMCC-1269, for BONDI, PAM
**Request Filed**
Request for Summons.
    **Filed By:** JOHN BRADLEY GREENBERG
    **On Behalf Of:** ALLAN J. WILKERSON, PHYLLIS WILKERSON

**12/16/2025**

**Judge Assigned**

**Summons Issued-Circuit**
Document ID: 25-SMCC-1259, for THE UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMEN

**12/15/2025**

**Filing Info Sheet eFiling**

    **Filed By:** JOHN BRADLEY GREENBERG
**Note to Clerk eFiling**

    **Filed By:** JOHN BRADLEY GREENBERG
**Pet Filed in Circuit Ct**
PETITION FOR REFORMATION OF DEED OF TRUST; EXHIBIT 1; EXHIBIT 2; EXHIBIT 3; EXHIBIT 4; EXHIBIT 5; EXHIBIT 6; EXHIBIT 7.
    **Filed By:** JOHN BRADLEY GREENBERG
    **On Behalf Of:** ALLAN J. WILKERSON, PHYLLIS WILKERSON

**25WA-CC00107**

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

**IN THE CIRCUIT COURT FOR THE TWENTY-FOURTH JUDICIAL CIRCUIT
WASHINGTON COUNTY, MISSOURI**

| | | |
|---|---|---|
| ALLAN J. WILKERSON and<br>PHYLLIS WILKERSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES | ) | |
| DEPARTMENT OF HOUSING | ) | |
| AND URBAN DEVELOPMENT, | ) | |
| | ) | |
| **Serve:** | ) | Cause No. |
| Thomas C. Albus, Interim U.S. Attorney | ) | |
| Eastern District of Missouri | ) | |
| Thomas F. Eagleton U.S. Courthouse | ) | |
| 111 South Tenth Street, 20th Floor | ) | |
| St. Louis, Missouri 63102, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Pam Bondi, U.S. Attorney General | ) | |
| United States Department of Justice | ) | |
| 950 Pennsylvania Avenue, NW | ) | |
| Washington, DC 20530, | ) | |
| | ) | |
| Defendant. | ) | |

**PETITION FOR REFORMATION OF DEED OF TRUST**

COME NOW Plaintiffs Allan J. Wilkerson and Phyllis Wilkerson (collectively, the "Wilkersons"), by and through their undersigned counsel, and for their Petition for Reformation of Deed of Trust against Defendant United States of America, Department of Housing and Urban Development ("HUD") state as follows:

1.    The Wilkersons are a married couple residing in Washington County, Missouri.

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

2.      Upon information and belief, HUD is a department of the United States federal government located at 451 7th Street, SW, Washington, DC 20410.

3.      The Wilkersons bring this action pursuant to Mo. Rev. Stat. § 527.150 to quiet or determine title or interest to real property, and thus, this Court has jurisdiction over this matter.

4.      This Court has jurisdiction over HUD pursuant to 28 U.S.C. § 2410(a) because, among other things, this Court has jurisdiction over the subject matter.

5.      Venue is proper in this Court pursuant to Mo. Rev. Stat. § 508.030  because the real property at issue is located in Washington County, Missouri.

6.      On or about April 9, 1974, the Wilkersons acquired title to that certain real property located at 19921 State Highway, AA, Potosi, Missouri 63664, more particularly described as:

> All of Lot Five (5) of Northeast quarter of Section 5, Township 37, North, Range 2 East, containing 38.70 acres, more or less; ALSO a part of the Southeast fractional quarter of Section 5, Township 37 North, Range 2 East, described as follows: Begin at the Northeast corner of Addie Orr tract, as described in a certain deed recorded in Book 75 page 171, of the deed Records of Washington County, Missouri, thence running West on quarter Section Line a distance of 611' for a corner, thence running South 344' to County Road, thence along said road East a distance of 365', thence in a Northeasterly direction a distance of 444' to place of beginning, containing 4 acres, more or less; EXCEPTING THEREFROM, however, from the above described tracts, 17.7 acres sold to Harry Nichols by deed recorded in Book 89 page 239 of Deed Records of Washington County, Missouri; and EXCEPTING ALSO 1 acre sold to Raymond Richards by deed recorded in Book 98, page 371, County and State aforesaid; AND EXCEPTING ALSO, 4 acres sold to Addie Orr by deed recorded in Book 91, page 234, County and State aforesaid; the land hereby conveyed containing in the aggregate 20 acres, more or less.

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

(the "1974 Property").  A true and accurate copy of the 1974 Property's general warranty deed conveying title to the Wilkersons is attached hereto as Exhibit 1 and is incorporated by reference herein.

7.      On or about May 12, 1980, the Wilkersons acquired title to that certain real property located at 19971 State Highway AA, Potosi, Missouri 63664, more particularly described as:

> Part of the South half of Section 5, Township Thirty-seven (37), North, Range 2 East, described as follows, to-wit: Begin at an iron peg 500 feet East of the Northwest corner of Northeast Quarter of the Southwest quarter of Section 5, Township 37 North, Range 2 East to the Beginning Corner of Land to be conveyed, thence running East 748 feet to Iron Peg, thence running Southwardly 337 feet to Potosi Latty County Road and thence Westwardly along County Road 800 feet to Iron Peg, thence Northwardly 348 feet to place of beginning, containing 6.1 acres, more or less.

(the "1980 Property"). A true and accurate copy of the 1980 Property's general warranty deed conveying title to the Wilkersons is attached hereto as Exhibit 2 and is incorporated by reference herein.

8.      As of May 27, 2009, the Wilkersons had conveyed title to approximately 4.18 acres of the 1980 Property. True and accurate copies of the deeds conveying title of 4.18 acres of the 1980 Property are attached hereto, collectively, as Exhibit 3 and are incorporated by reference herein.

9.      On June 12, 2009, the Wilkersons conducted that certain Plat of Original Survey, Drawing No. 20090050, dated June 12, 2009 (the "Survey"), of the Wilkersons' then-remaining title in the 1974 Property located at 19921 State Highway, AA, Potosi, Missouri 63664, more particularly described as:

3

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

A tract of land being part of Section 5, Township 37 North, Range 2 East of the Fifth Principal Meridian, situated in Washington County, Missouri, described as follows: Commencing at a found iron pin marking the Southwest Corner of a tract as recorded in Deed Record Book 2008 at Page 8094 of the Office of Recorder of Deeds of Washington County, Missouri; thence South 89°40'07" East, 590.60 feet to a #4 rebar w/cap set as the point of beginning of the tract herein described; thence North 01°09'20" East, 291.72 feet to a set #4 rebar w/cap; thence North 79°17'09" East, 196.01 feet to a set #4 rebar w/cap; thence North 11°38'03" West, 29.62 feet to a set #4 rebar w/cap; thence South 89°40'09" East, 325.61 feet to a #4 rebar w/ cap set on the West Line of a tract as recorded in Deed Record Book 2004 at Page 27650; thence on said West Line, South 01°07'15" East, 358.32 feet to a #4 rebar w/cap set as the Southwest Corner of said tract in Book 2004 at Page 27650; thence North 89°40'12" West, 24.44 feet to a set #4 rebar w/cap; thence South 26°45'42" West, 122.95 feet to a found iron pin; thence North 89°17'12" West, 355.44 feet to a found iron pin on the centerline of a private drive; thence on said centerline, North 04°22'30" East, 107.98 feet to a set #4 rebar w/cap; thence leaving said centerline, North 89°39'33" West, 98.14 feet to the point of beginning, containing 5.00 acres, more or less, subject to conditions, reservations, restrictions and easements of record and not of record and being part of larger tracts as recorded in Deed Record Book 150 at Page 475 of the Office of Recorder of Deeds of Washington County, Missouri.

Further, an easement for purposes of ingress and egress to the above described tract, said easement being 20 feet in width and lying 10 feet on each side of a centerline described as follows: Commencing at the Southwest Corner of the above described 5.00 acre tract; thence South 89°39'33" East, 98.14 feet to the point of beginning of the centerline of a 20 foot wide roadway easement; thence on said centerline as follows, South 04°22'30" West, 107.98 feet, South 00°03'20" East, 50.47 feet, South 07°51'29" East, 54.39 feet and South 11°35'38" East, 107.76 feet to the point of termination of said centerline of the North Line of Mo. Rte. "AA".

(the "Wilkersons' Current Property"). A true and accurate copy of the Survey is attached hereto as Exhibit 4 and is incorporated by reference herein.

10.   On or about June 29, 2009, the Wilkersons executed and delivered that certain Fixed Rate Home Equity Conversion Deed of Trust for the benefit of HUD, as successor-in-interest to Metlife Home Loans, a Division of Metlife Bank, N.A. (together

4

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

with its successors and assigns, "Mortgagee"), which was recorded on September 10, 2009 in Book 2009, Page 13798 of the land records of the Recorder of Deeds of Washington County, Missouri (the "Deed of Trust"). A true and accurate copy of the Deed of Trust is attached hereto as Exhibit 5 and is incorporated by reference herein.

11.     As a result of the execution of that certain Corporate Assignment of Deed of Trust, which was recorded on July 24, 2018, in Book 2018, Page 2595 of the land records of the Recorder of Deeds of Washington County, Missouri (the "2018 Assignment"), HUD is the current Mortgagee. True and accurate copies of the 2018 Assignment, as well as all other assignments, are attached hereto, collectively as Exhibit 6 and are incorporated by reference herein.

12.     The Deed of Trust is a lien on real property which secures to HUD as Mortgagee the payment and performance of certain secured indebtedness as described therein and other obligations and indebtedness. *See generally*, Ex. 5.

13.     The intent of the parties was and is for the Deed of Trust to provide a lien against the Wilkersons' Current Property (not the 1980 Property).

14.     However, through mutual mistake of the parties, the Deed of Trust erroneously references the address and legal description of the 1980 Property instead of the address and legal description of the Wilkersons' Current Property (the "Scrivener's Error"). *Id.*, pp. 1, 10.

15.     As a result of the Scrivener's Error, the Deed of Trust erroneously encumbers approximately 4.18 acres of the 1980 Property.

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

16.     When the Wilkersons realized the Scrivener's Error, a First Amendment of Fixed Rate Home Equity Conversion Deed of Trust (with Release) ("Amended Deed of Trust") was prepared and submitted to HUD for execution to correct the Scrivener's Error, which included the correct legal description for the Wilkersons' Current Property. A true and accurate copy of the Amended Deed of Trust is attached hereto as Exhibit 7 and is incorporated by reference herein.

17.     HUD does not dispute the Scrivener's Error within the Deed of Trust, yet HUD has failed and refused and continues to fail and refuse to correct the Scrivener's Error.

18.     To accurately reflect the intentions of the parties, the Deed of Trust should be reformed to strike the reference to the 1980 Property from the address and legal description therein and be replaced with the address and legal description of the Wilkersons' Current Property.

WHEREFORE, the Wilkersons respectfully request that the Court: (i) reform the Deed of Trust to reflect the address and legal description of the Wilkersons' Current Property; (ii) order HUD to record the reformed Deed of Trust with the Recorder of Deeds of Washington County, Missouri; and (iii) award the Wilkersons such other and further relief as the Court deems just and appropriate under the circumstances.

6

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

Dated: December 15, 2025

Respectfully submitted,

**LEWIS RICE LLC**

By:    /s/ John B. Greenberg
       John B. Greenberg, #40242
       Jared A. Gillen, #77621
       600 Washington Avenue, Suite 2500
       St. Louis, MO 63101
       (314) 444-7682 (telephone)
       (314) 612-7682 (facsimile)
       jgreennberg@lewisrice.com
       jgillen@lewisrice.com

       *Attorneys for Plaintiffs*

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

**25WA-CC00107**

No. 787 Rev. **GENERAL WARRANTY DEED.**                    PRINTED AND FOR SALE BY STANDARD PRINTING CO., HANNIBAL, MO.

THIS INDENTURE, Made on the                9th              day of       April          A. D. One Thousand Nine

Hundred and **seventy-four**                by and between

Homer W. Wilkerson and Nelda N. Wilkerson, his wife,
and
Allen Joe Wilkerson and Phyllis A. Wilkerson, his wife,

of the County of      Washington          in the State of      Missouri          , Part ies  of the First Part, and

Allen Joe Wilkerson and Phyllis A. Wilkerson, his wife,

of the County of      Washington       , in the State of           Missouri           , Part ies  of the Second Part:

(mailing address of said first named grantee is   Route # 2, Potosi, Missouri. 63664                         ).

WITNESSETH, That the said part ies       of the First Part, in consideration of the sum of

Five dollars and other valuable consideration----------------------------------- DOLLARS,
                                                                                        100

to    them         paid by the said part ies      of the Second Part, the receipt of which is hereby acknowledged, do         by these

presents, Grant, Bargain and Sell, Convey and Confirm, unto the said part ies        of the Second Part their    heirs and assigns,

the following described Lots, Tracts or Parcels of Land, lying, being and situate in the County of      Washington
and State of Missouri, to-wit: All of Lot Five (5) of Northeast quarter of Section 5, Township 37,
North, Range 2 East, containing 38.70 acres, more or less; ALSO a part of the Southeast
fractional quarter of Section 5, Township 37 North, Range 2 East, described as follows:
Begin at the Northeast corner of Addie Orr tract, as described in a certain deed record-
ed in Book 75 page 171, of the deed Records of Washington County, Missouri, thence run-
ning West on quarter Section Line a distance of 611' for a corner, thence running South
344' to County Road, thence along said road East a distance of 365', thence in a North-
easterly direction a distance of 444' to place of beginning, containing 4 acres, more or
less; EXCEPTING THEREFROM, however, from the above described tracts, 17.7 acres sold to
Harry Nichols by deed recorded in Book 89 page 239 of Deed Records of Washington County,
Missouri; And EXCEPTING ALSO 1 acre sold to Raymond Richards by deed recorded in Book 98,
page 371, County and State aforesaid; AND EXCEPTING ALSO, 4 acres sold to Addie Orr by
deed recorded in Book 91, page 234, County and State aforesaid; the land hereby conveyed
containing in the aggregate 20 acres, more or less.

TO HAVE AND TO HOLD the premises aforesaid, with all and singular the rights, privileges, appurtenances and immunities thereto

belonging or in anywise appertaining unto the said part ies          of the Second Part, and unto  their    heirs and assigns,

FOREVER, the said    Parties of the First Part

hereby covenanting that    they are        lawfully seized of an indefeasible Estate in Fee in the premises herein conveyed; that

they      ha ve good right to convey the same: that the said premises are free and clear of any encumbrance done or

suffered by     them        or those under whom   they       claim   , and that    they      will WARRANT AND

DEFEND the title to the said premises unto the said part ies      of the Second Part, and unto   their        heirs and assigns,
FOREVER, against the lawful claims and demands of all persons whomsoever.

IN WITNESS WHEREOF, the said part ies      of the First Part ha ve     hereunto set   their       hand s
the day and year first above written.

Signed and Delivered in the presence of us,               }       _(signatures)_

-----------------------------------

-----------------------------------

**EXHIBIT**

**1**

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

STATE OF MISSOURI,
COUNTY OF Washington } ss.

On this 9th day of April 19 74

before me personally appeared Homer W. Wilkerson and Nelda N. Wilkerson, his wife,

and Allen Joe Wilkerson and Phyllis A. Wilkerson,

his wife, to me known to be the persons described in and who executed the foregoing instrument, and acknowledged that they executed the same as their free act and deed.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal at my office

in Potosi, Missouri the day and year first above written.

My term expires March 15th, 19 78.

Lowell Bay, Notary Public.

STATE OF MISSOURI,
COUNTY OF } ss.

On this day of 19

before me personally appeared

to me known to be the person described in and who executed the foregoing instrument, and acknowledged that executed

the same as free act and deed. And the said

further declared to be single and unmarried.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal at my office

in the day and year first above written.

My term expires 19 .

STATE OF MISSOURI,
COUNTY OF } ss.

IN THE RECORDER'S OFFICE.

I, , Recorder of said County, do hereby certify that the within

instrument of writing was, at o'clock and minutes M., on the day of

A. D. 19 , duly filed for record in my office, and is recorded in the records of this office, in book at page .

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal at

, this day

of A. D. 19 .

RECORDER.

GENERAL WARRANTY DEED

FROM
Wilkerson

TO
Wilkerson

Filed for Record this day A. D. 19 74

o'clock minutes M.

RECORDER.

Under this Deed the Taxes for the current year and any outstanding Lien for my local assessment will fall on the Grantor, unless a clause to the contrary be inserted.

STANDARD FORM

This Deed conforms precisely to the form of Printed Warranty Deed Records manufactured by the STANDARD PRINTING Co., Hannibal, Mo., and now in use in many of the Counties

RECORDER'S FEE

25WA-CC00107

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

No. 787 Rev. GENERAL WARRANTY DEED.

PRINTED AND FOR SALE BY STANDARD PRINTING CO., HANNIBAL, MO.

THIS INDENTURE, Made on the    12th    day of    May    A. D. One Thousand Nine Hundred and **eighty**    by and between

**Nelda Wilkerson, widow of Homer Wilkerson, deceased.**

of the County of    **Washington**    in the State of    **Missouri**    , Part **y**    of the First Part, and

**Allan J. Wilkerson and Phyllis Wilkerson, his wife,**

of the County of    **Washington**    , in the State of    **Missouri**    , Part**ies**    of the Second Part:

(mailing address of said first named grantee is    **Route # 2, Potosi, Missouri. 63664**    ).

WITNESSETH, That the said part **y**    of the First Part, in consideration of the sum of

**Ten dollars and other valuable consideration**━━━━━━━━━━━━━━━━━━━DOLLARS, 100

to **her**    paid by the said part **ies**    of the Second Part, the receipt of which is hereby acknowledged, do **es**    by these presents, Grant, Bargain and Sell, Convey and Confirm, unto the said part **ies**    of the Second Part **their**    heirs and assigns, the following described Lots, Tracts or Parcels of Land, lying, being and situate in the County of    **Washington** and State of Missouri, to-wit: XIX

Part of the South half of Section 5, Township Thirty-seven (37), North, Range 2 East, described as follows, to-wit: Begin at an Iron Peg 550 feet East of the Northwest Corner of Northeast Quarter of the Southwest quarter of Section 5, Township 37 North, Range 2 East to the Beginning Corner of Land to be conveyed, thence running East 748 feet to Iron Peg, thence running Southwardly 337 feet to Potosi Latty County Road and thence Westwardly along County Road 800 feet to Iron Peg, thence Northwardly 348 feet to place of beginning, containing 6.1 acres, more or less.

TO HAVE AND TO HOLD the premises aforesaid, with all and singular the rights, privileges, appurtenances and immunities thereto belonging or in anywise appertaining unto the said part **ies**    of the Second Part, and unto    **their**    heirs and assigns, FOREVER, the said    **Party of the First Part**

hereby covenanting that    **she is**    lawfully seized of an indefeasible Estate in Fee in the premises herein conveyed; that **she**    ha **s**    good right to convey the same: that the said premises are free and clear of any encumbrance done or suffered by **her**    or those under whom    **she**    claim **s** , and that    **she**    will WARRANT AND DEFEND the title to the said premises unto the said part **ies**    of the Second Part, and unto    **their**    heirs and assigns, FOREVER, against the lawful claims and demands of all persons whomsoever.

IN WITNESS WHEREOF, the said part **y**    of the First Part ha **s**    hereunto set    **her**    hand the day and year first above written.

Signed and Delivered in the presence of us,

*Nelda Wilkerson*
Nelda Wilkerson

EXHIBIT

2

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

STATE OF MISSOURI,
COUNTY OF _____ } ss.

On this_____day of _____19____

before me personally appeared_____

and_____

his wife, to me known to be the persons described in and who executed the foregoing instrument, and acknowledged that they executed the same as their free act and deed.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal at my office

in_____the day and year first above written.

My term expires_____19____.

_____

_____

---

STATE OF MISSOURI,
COUNTY OF __Washington_____ } ss.

On this_____12th____day of _____May_____19 80

before me personally appeared_____Nelda Wilkerson, single,_____

_____

to me known to be the person___ described in and who executed the foregoing instrument, and acknowledged that_____she___executed

the same as_____her_____free act and deed. And the said_____Nelda Wilkerson_____

further declared_____herself_____to be single and unmarried.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal at my office

in_____Potosi, Missouri_____the day and year first above written.

My term expires_____March 15th,_____19 82.

*Lowell Bay*
Lowell Bay, Notary Public.

IN THE RECORDER'S OFFICE.

---

STATE OF MISSOURI,
COUNTY OF Washington_____ } ss.

I, _____, Recorder of said County, do hereby certify that the within

instrument of writing was, at_____o'clock and_____minutes_____M., on the_____day of_____

A. D. 19_____, duly filed for record in my office, and is recorded in the records of this office, in book_____at page_____.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal at

_____, this_____day

of_____A. D. 19_____.

_____RECORDER.

---

GENERAL WARRANTY DEED

FROM

Wilkerson

TO

Wilkerson

Filed for Record this 4th day of August A.D. 1980
at 11 o'clock 25 minutes A. M.
*Howard O. Boyer* RECORDER.

Under this Deed the Taxes for the current year and any outstanding Lien for any local assessment will fall on the Grantor, unless a clause to the contrary be inserted.

STANDARD FORM
This Deed conforms precisely to the form of Printed Warranty Deed Records manufactured by the STANDARD PRINTING Co., Hannibal, Mo., and now in use in many of the Counties in Missouri.

RECORDER'S FEE $ _____
5.00
TOTAL $ 6.00

25WA-CC00107

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

```
#Pages 3
Date 05/28/2009
Time01:58:43 PM
Book # 2009
Page # 7695

Filed & Recorded in
Official Records of
WASHINGTON
JUDY MOYERS
RECORDER OF DEEDS

Fees $30.00
```

3pgp
PR 4085

(Space above reserved for Recorder of Deeds certification)

# GENERAL WARRANTY DEED
## (Individual)

*This Deed,* Made and entered into this 27ᵗʰ day of **May, 2009,** by and between

**Allan J. Wilkerson and Phyllis Wilkerson, his wife**

of the County of **Washington**, State of **Missouri**, Grantor(s), and

**Shawn D. Griffin and Andrea L. Griffin, husband and wife**
**19883 State Highway AA, Potosi, MO 63664**

of the County of **Washington**, State of **Missouri**, Grantee(s).

    *WITNESSETH,* that the said Grantor(s), for and in consideration of the sum of Ten Dollars and other valuable considerations paid by the said Grantee(s), the receipt of which is hereby acknowledged, does or do by these presents ***GRANT, BARGAIN AND SELL, CONVEY AND CONFIRM*** unto the said Grantee(s), the following described Real Estate, situated in the County of **Washington** and State of Missouri, to-wit:

See Exhibit A attached hereto and made a part hereof on page 3.

SUBJECT to terms, conditions, restrictions and reservations of record, if any.

    ***TO HAVE AND TO HOLD*** the same, together with all rights and appurtenances to the same belonging, unto the said Grantee(s), and to the heirs and assigns of such party or parties forever.
    The said Grantor(s) hereby covenanting that said party or parties and the heirs, executors, administrators and assigns of such party or parties, shall and will ***WARRANT AND DEFEND*** the title to the premises unto the said Grantee(s), and to the heirs and assigns of such party or parties forever, against the lawful claims of all persons

Vision Form GWDEED Rev. 08/22/02  PLT#02901725

**EXHIBIT**

**3**

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

whomsoever, excepting, however, the general taxes for the calendar year **2009** and thereafter, and special taxes becoming a lien after the date of this deed.

**IN WITNESS WHEREOF,** the said Grantor(s) has or have hereunto set their hand or hands the day and year first above written.

_____
**Phyllis Wilkerson**

_____
**Allan J. Wilkerson**

_____

_____

**STATE OF MISSOURI**
**County of Washington**     } ss.    On this 27ᵗʰ day of **May, 2009,** before me personally appeared

**Allan J. Wilkerson and Phyllis Wilkerson, his wife**

to me known to be the person or persons described in and who executed the foregoing instrument, and acknowledged that **they** executed the same as **their** free act and deed.

**IN TESTIMONY WHEREOF,** I have hereunto set my hand and affixed my official seal in the County and State aforesaid, the day and year first above written.

_____
Notary Public.

My term expires

CHRISTINE STEWART
Notary Public - Notary Seal
Washington County, State of Missouri
My Commission Expires 8/3/2011
Commission # 07420155

SMS  Vision Form GWDEED  Rev. 08/22/02  PLT#<<Esc No>>

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

Exhibit A

All that part of the South Half of Section 5, Township 37 North, Range 2 East of the Fifth Principal Meridian, situated in Washington County, Missouri, described as follows: Commencing at a found iron pin marking the Southeast corner of a tract containing 2.00 acres conveyed to Shawn D. Griffin and wife by Warranty Deed recorded in Deed Record Book 2008 at page 8094 of the Office of Recorder of Deeds of Washington County, Missouri; thence on the South line of said recorded tract, West, 47.07 feet to a #4 rebar w/cap set in an existing fenceline, the point of beginning of the tract herein described; thence on said fenceline as follows, South 18 degrees 17' 02" West, 13.44 feet; South 08 degrees 29' 31" West, 12.19 feet; South 04 degrees 53' 45" East, 50.09 feet; South 10 degrees 05' 44" East, 37.18 feet; South 14 degrees 35' 05" East, 89.74 feet, South 17 degrees 03' 08" East, 23.13 feet; South 23 degrees 21' 19" East, 24.47 feet and South 27 degrees 18' 57" East, 104.48 feet to a #4 rebar w/cap set on the North line of Mo. Rte. "AA"; thence on said North line as follows, North 88 degrees 28' 31" West, 43.56 feet; thence South 87 degrees 45' 07" West, 150.73 feet; thence 187.76 feet on the arc of a 784.02 foot radius curve to the right whose chord bears North 82 degrees 44' 07" West, 187.31 feet to a 10" Cedar Tree in an existing fenceline; thence leaving North line, along said fenceline, North 12 degrees 20' 25" East 328.94 feet to a found 2" iron pipe; thence North 89 degrees 54' 46" East, 74.00 feet to a found iron pin; thence East, 141.39 feet to the point of beginning, containing 2.18 acres, more or less and being part of a larger tract as recorded in Deed Record Book 172 at page 369 of the Office of Recorder of Deeds of Washington County, Missouri.

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

# QUIT CLAIM DEED

**This Deed,** made and entered into this 18 day of May , 1999, by and between

ALLAN JOE WILKERSON and PHYLLIS A. WILKERSON, husband and wife

of the County of    Washington    , State of    Missouri    , party or parties of the first part, and

DANNY W. INMAN, JR. and CELESTE A. INMAN, husband and wife
Route 2, Box 55, Potosi, Missouri 63664

of the County of    Washington    , State of    Missouri    , party or parties of the second part.

*WITNESSETH,* that the said party or parties of the first part, for and in consideration of the sum of One Dollar and other valuable consideration paid by the said party or parties of the second part, the receipt of which is hereby acknow-ledged, does or do by these presents *REMISE, RELEASE and FOREVER QUIT-CLAIM* unto the said party or parties of the second part, the following described Real Estate, situated in the County of Washington and State of Missouri, to-wit:

All of our undivided one-half interest in and to the following:

All that part of Lot 5 of the Northeast Quarter of Section 5, Township 37 North, Range 2 East of the Fifth Principal Meridian, lying and situated in Washington County, Missouri, described as follows: "Beginning at a found iron pin marking the Southeast Corner of a tract conveyed to Alan R. Berry by a Warranty Deed recorded in Deed Record Book 220 at Page 514 of the Recorder of Deeds Office of Washington County, Missouri; thence on the East line of said tract, North 14 degrees 21 minutes 02 seconds East, 581.42 feet to a set #4 rebar w/cap; thence leaving said East line, South 67 degrees 17 minutes 49 seconds East, 135.51 feet to a 10" Post Oak Tree; thence South 08 degrees 58 minutes 17 seconds West, 517.31 feet to a set #4 rebar w/cap; thence West, 188.44 feet to the point of beginning, containing 2.00 acres, more or less."

Also, a non-exclusive easement for the purposes of ingress and egress to the above described tract, said easement being 20 feet in width and lying 10 feet on each side of a centerline described as follows: "Commencing at a found iron pin marking the Southeast Corner of a tract as recorded in Deed Record Book 220 at Page 514 of the Recorder of Deeds Office of Washington County, Missouri; thence East, 117.69 feet to the point of beginning of the centerline of a 20 minutes wide roadway easement; thence on said centerline, South 10 degrees 49 minutes 05 seconds East, 155.78 feet; thence South 16 degrees 39 minutes 23 seconds East, 87.29 feet; thence South 26 degrees 08 minutes 08 seconds East, 95.41 feet and South 16 degrees 21 minutes 53 seconds East, 21.84 feet to the point of termination of said centerline on the North Line of Missouri Route "AA".

Together with the right to construct, reconstruct, repair and maintain said easement.

SUBJECT to terms, conditions, restrictions and reservations of record, if any.

*TO HAVE AND TO HOLD* the same, together with all rights and appurtenances to the same belonging, unto the said parties of the second part, and to their heirs and assigns forever. So that neither the said parties of the first part, nor them heirs, nor any other person or persons for their or in them name or behalf, shall or will hereafter claim or demand any right or title to the aforesaid premises, or any part thereof, but they and every one of them shall, by these presents, be excluded and forever barred.

*IN WITNESS WHEREOF,* the said parties of the first part has executed these presents the day and year first above written.

_____    _____
Allan Joe Wilkerson              Phyllis A. Wilkerson

STATE OF MISSOURI }ss. On this 18 day of May , 1999, before me personally appeared ALLAN JOE WILKERSON and PHYLLIS A. WILKERSON, husband

County of Washington } and wife

to me known to be the person or persons described in and who executed the foregoing instrument, and acknowledged that they executed the same as their free act and deed.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal in the County and State aforesaid, the day and year first above written.

My term expires 6-4-02

_____
Notary Public

ANGIE PENNOCK
Washington County
My Commission Expires
June 4, 2002

#Pages 2
Date 06/02/1999
Time01:04:47 PM
Book # 1999
Page # 6930

Filed & Recorded in
Official Records of
WASHINGTON
PHYLLIS FRYMAN
CIRCUIT CLERK AND RECORDER

Fees $21.00

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

791

# GENERAL WARRANTY DEED
## (INDIVIDUAL)

**This Deed,** made and entered into this 25 day of   July      , 1994, by and between

ALLAN JOE WILKERSON, also known as ALLEN JOE WILKERSON and PHYLLIS A. WILKERSON, his wife

of the County of      Washington      , State of      Missouri      , party or parties of the first part, and

DANNY W. INMAN, JR. and CELESTE A. INMAN, husband and wife, an undivided
1/2 interest and ALLAN JOE WILKERSON and PHYLLIS A. WILKERSON, husband and wife,
an undivided 1/2 interest Route 2, Box 6A, Potosi, Missouri 63664

of the County of      Washington      , State of      Missouri      , party or parties of the second part.

**WITNESSETH,** that the said party  or parties of the first part, for and in consideration  of the sum of One Dollar  and other valuable consideration  paid by the said party or parties of the second part, the receipt of which is hereby acknowledged, does or do by these presents **GRANT, BARGAIN AND SELL, CONVEY AND CONFIRM** unto  the  said party or parties of the second part, the following described Real Estate, situated in the County of Washington and State of Missouri, to-wit:

All  that  part  of  Lot  5  of  the Northeast Quarter of Section 5, Township 37 North, Range 2 East of the Fifth  Principal  Meridian,  lying  and  situated  in Washington  County,  Missouri,  described as follows:  "Beginning at a found iron pin marking the Southeast Corner of a tract conveyed  to Alan R.  Berry  by  a Warranty  Deed  recorded  in Deed Record Book 220 at Page 514 of the Recorder of Deeds Office of Washington County, Missouri; thence on the  East  line  of  said tract,  North  14°  21'  02"  East,  581.42 feet to a set #4 rebar w/cap; thence leaving said East line, South 67° 17' 49" East, 135.51 feet to a  10"  Post  Oak Tree;  thence  South  08°  58'  17"  West,  517.31 feet to a set #4 rebar w/cap; thence  West,  188.44  feet to the point of beginning, containing 2.00 acres, more or less."

Also, a non exclusive easement for the purposes of  ingress  and  egress  to the above  described tract, said easement being 20 feet in width and lying 10 feet on each side of a centerline described as follows:  "Commencing at a found iron  pin marking the Southeast Corner of a tract as recorded in Deed Record Book  220  at Page 514 of the Recorder of Deeds Office of  Washington  County, Missouri; thence East, 117.69 feet to the point of beginning of  the  centerline of  a  20'  wide roadway easement; thence on said centerline, South 10° 49' 05" East, 155.78  feet; thence South 16° 39' 23" East, 87.29 feet; thence South 26° 08'  08"  East, 95.41 feet and South 16° 21' 53" East, 21.84 feet to the point of termination  of  said centerline on the North Line of Missouri Route "AA"."

Together with the right to construct, reconstruct, repair and maintain said easement.

SUBJECT to terms, conditions, restrictions and reservations of record, if any.

**TO HAVE AND TO HOLD** the same, together with all rights and  appurtenances to the same belonging, unto  the  said party or parties of the second part, and to the heirs and assigns of such party or parties forever.

The said party or parties  of the first part  hereby covenanting that said  party or parties and the  heirs, executors and administrators of such party or parties, shall and will **WARRANT AND DEFEND** the title  to the  premises unto the said party or parties of the second part, and to the heirs and assigns of such party or parties forever, against the lawful claims of all persons whomsoever, excepting,  however, the general taxes for the calendar year 1994 and thereafter, and special taxes becoming a lien after the date of this deed.

**IN WITNESS WHEREOF,** the said party or  parties of the first part has or have  hereunto set their hand  or  hands the day and year first above written.

_____
Allan Joe Wilkerson

_____
Phyllis A. Wilkerson

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

792

STATE OF MISSOURI

County of Washington

} ss. On this 25th day of    July    , 1994, before me personally appeared
ALLAN JOE WILKERSON and PHYLLIS A. WILKERSON, his wife

to me known to be the person or persons described in and who executed the foregoing instrument, and acknowledged that they executed the same as their free act and deed.

**IN TESTIMONY WHEREOF,** I have hereunto set my hand and affixed my official seal in the County and State aforesaid, the day and year first above written.

My term expires  6-23-95

Carol Nixon Notary Public

# FILED

11 O'clock 05 Minutes A. M.

AUG 01 1994

By _____

RECORDING FEE $ 8.00
STATE USER FEE $ 4.00
TOTAL     $ 12.00 Pd.

RECORDER'S OFFICE

STATE OF MISSOURI, } ss.
County of Washington }

PHYLLIS A. FRYMAN, Clerk of the Circuit Court and Ex-Officio Recorder of said do hereby certify that the within instrument of writing was, at 11 o'clock and 05 minutes A.M., on the 1st day of August A. D. 1994 duly record in my office and is recorded in the records of this office in book 246 791.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal at Potosi this 1st day of August A. D. 1994.

_____ Clerk and Recorder

_____ Deputy

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

Book 25   Page 1A

# Plat of Original Survey
of part of Section 5
Township 37 North, Range 2 East
of the Fifth Principal Meridian
Washington County, Missouri

N FILED
9 O'clock 00 Minutes A. M.
JUN 15 2009
Judy Morgan

| Line Table | | |
|---|---|---|
| Line # | Bearing | Distance |
| L1 | N 11°38'03" W | 29.62' |
| L2 | N 89°40'12" W | 24.44' |
| L3 | S 26°45'42" W | 122.95' |
| L4 | N 04°22'30" E | 107.98' |
| L5 | N 89°39'33" W | 98.14' |

N/F Wilkerson
Bk. 150
Pg. 475

S 89°40'09" E
L1   325.61'

N 79°17'09" E
196.01'

Set #4
rebar
w/cap
(typ.)

N/F Kitchell
Bk. 2004
Pg. 27650

N 01°09'20" E  291.72'

Fd. iron pin
SW Cor
tract rec.
Bk. 2008
Pg. 8094

Point of
Beginning
Set #4
rebar
w/cap

5.00 Ac. +/-
Rural Prop.
(20 CSR 2030-
16.030 Class.)

S 01°07'15" E  358.32'

West Line, tract rec.
Bk. 2004, Pg. 27650

Fd. stone pile
bears
N42°22' E
7.0'

Centerline
private
drive

Existing
fenceline

S 89°40'07" E

L5

L4

Fd. iron pin
(typ.)

590.60'

N/F Wilkerson
Bk. 150
Pg. 475

L2

L3

Set #4 rebar w/cap
marking the SW Cor
of tract rec. in
Bk. 2004
Pg. 27650

N 89°17'12" W  355.44'

Scale: 1" = 100'
0   100  200        400

**BEARING BASIS**
South Line, tract rec.
Bk. 2008, Pg. 8094

See description and certification on
Sheet 2 of 2.

I hereby declare that this survey was executed at the request of Allen Wilkerson and in accordance with the current Missouri Minimum Standards for Property Boundary Surveys (20 CSR 2030-16.030 and 20 CSR 2030-16.080).

IN WITNESS WHEREOF, I hereunto set my hand and affix my official seal at my office in Potosi, Missouri, this 12th day of June, 2009.

STATE OF MISSOURI
Kimberly Daugherty
Washington Co. Surveyor
REGISTERED LAND SURVEYOR

T. DAUGHERTY LAND SURVEYORS, LLC
N
W — LAND — E
S
112 E. HIGH STREET
POTOSI, MO. 63664
(573) 438-6489

| | |
|---|---|
| DATE 6-12-09 | |
| SCALE 1"=100' | |
| DRAWN BY | rtd |
| FIELD WORK BY: | BB:DA |
| DRAWING NO. | 20090050 Sht. 1 of 2 |

EXHIBIT
4

JMINER

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

**25WA-CC00107**

```
#Pages 10
Date 09/10/2009
Time 02:35:07 PM
Book # 2009
Page # 13798

Filed & Recorded in
Official Records of
WASHINGTON
JUDY MOYERS
RECORDER OF DEEDS

Fees $51.00
```

ServiceLink 268487

**Chicago Title**
**Servicelink Division**
4000 Industrial Blvd
Allo Jone, PA 1500*

Requested by and returned to:
MetLife Home Loans, a Division of MetLife Bank, N.A.
P.O. Box 817
Edmond, OK  73083-8157

FHA Case Number:  292-5318795-951/255
1902002176

**State of Missouri**

### FIXED RATE
### HOME EQUITY CONVERSION DEED OF TRUST
### THIS DEED OF TRUST SECURES A REVERSE MORTGAGE LOAN

THIS DEED OF TRUST ("Security Instrument") is made on **June 29, 2009**. The trustor is **Allan J. Wilkerson and Phyllis Wilkerson, Husband and Wife** whose address is **19971 State Highway AA, POTOSI, MO 63664** ("Borrower"). The trustee is **ServiceLink, part of the Fidelity National Financi, 345 Rouser Road, Coraopolis, PA 15108** ("Trustee").  The beneficiary is **MetLife Home Loans, a Division of MetLife Bank, N.A.**, which is organized and existing under the laws of **the United States of America**, and whose address is **501 U.S. Highway 22 (1-W COPS), Bridgewater, NJ 08807** ("Lender").  Borrower has agreed to repay to Lender amounts which Lender is obligated to advance, including future advances, under the terms of a Home Equity Conversion Loan Agreement dated the same date as this Security Instrument ("Loan Agreement").  The agreement to repay is evidenced by Borrower's Note dated the same date as this Security Instrument ("Note").  This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, including all future advances, with interest, and all renewals, extensions and modifications of the Note, up to a maximum principal amount of **Two Hundred Thirty-Seven Thousand and 00/100 Dollars** (U.S. **$237,000.00**); (b) the payment of all other sums, with interest, advanced under Paragraph 5 to protect the security of this Security Instrument or otherwise due under the terms of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. The full debt, including all amounts described in (a), (b), and (c) above, if not paid earlier, is due and payable on **March 03, 2097**. For this purpose, Borrower irrevocably grants, bargains, sells, conveys and confirms to Trustee, in trust, with power of sale, the following described property located in **Washington** County, Missouri, which has the address of:

**19971 State Highway AA, POTOSI, MO 63664**, and is described more fully on Exhibit A attached to and hereby incorporated into this Deed of Trust ("Property Address").

Missouri 1st Deed of Trust (Fixed)

1

**EXHIBIT**

**5**

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1.    **Payment of Principal and Interest.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note.

2.    **Payment of Property Charges.** Borrower shall pay all property charges consisting of taxes, ground rents, flood and hazard insurance premiums, and special assessments in a timely manner, and shall provide evidence of payment to Lender, unless Lender pays property charges by withholding funds from monthly payments due to the Borrower or by charging such payments to a line of credit as provided for in the Loan Agreement.

3.    **Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire. This insurance shall be maintained in the amounts, to the extent and for the periods required by Lender or the Secretary of Housing and Urban Development ("Secretary"). Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss to Lender, instead of to Borrower and Lender jointly. Insurance proceeds shall be applied to restoration or repair of the damaged Property, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied first to the reduction of any indebtedness under a Second Note and Second Security Instrument held by the Secretary on the Property and then to the reduction of the indebtedness under the Note and this Security Instrument. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

4.    **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence after the execution of this Security Instrument and Borrower (or at least one Borrower, if initially more than one person are Borrowers) shall continue to occupy the Property as Borrower's principal residence for the term of the Security Instrument. "Principal residence" shall have the same meaning as in the Loan Agreement.

Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to

Missouri 1ˢᵗ Deed of Trust (Fixed)

2

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

deteriorate, reasonable wear and tear excepted. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

5. **Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in Paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments. Borrower shall promptly discharge any lien which has priority over this Security Instrument in the manner provided in Paragraph 12(c).

If Borrower fails to make these payments or the property charges required by Paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in Paragraph 2.

To protect Lender's security in the Property, Lender shall advance and charge to Borrower all amounts due to the Secretary for the Mortgage Insurance Premium ("MIP") as defined in the Loan Agreement as well as all sums due to the loan servicer for servicing activities ("Servicing Fee") as defined in the Loan Agreement. Any amounts disbursed by Lender under this Paragraph shall become an additional debt of Borrower as provided for in the Loan Agreement and shall be secured by this Security Instrument.

6. **Inspection.** Lender or its agent may enter on, inspect or make appraisals of the Property in a reasonable manner and at reasonable times provided that Lender shall give the Borrower notice prior to any inspection or appraisal specifying a purpose for the inspection or appraisal which must be related to Lender's interest in the Property. If the Property is vacant or abandoned or the loan is in default, Lender may take reasonable action to protect and preserve such vacant or abandoned Property without notice to the Borrower.

7. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation, or other taking of any part of the Property, or for conveyance in place of condemnation shall be paid to Lender. The proceeds shall be applied first to the reduction of any indebtedness under the Second Note and Second Security Instrument held by the Secretary on the Property, and then to the reduction of the indebtedness under the Note and this Security Instrument. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

8. **Fees.** Lender may collect fees and charges authorized by the Secretary.

9. **Grounds for Acceleration of Debt.**
    (a) Due and Payable. Lender may require immediate payment in full of all sums secured by this Security Instrument if:
    (i) A Borrower dies and the Property is not the principal residence of at least one surviving Borrower; or

    (ii) All of a Borrower's title in the Property (or his or her beneficial interest in a trust owning all or part of the Property) is sold or otherwise transferred and no other Borrower retains (a) title to the Property in fee simple, (b) a leasehold under a lease for not less than 99 years which is renewable or a lease having a remaining period of not less than 50 years beyond the date of the 100th birthday of the youngest

Missouri 1ˢᵗ Deed of Trust (Fixed)

3

Borrower, or (c) a life estate in the Property (or retains a beneficial interest in a trust with such an interest in the Property).

**(b) Due and Payable with Secretary Approval.** Lender may require immediate payment in full of all sums secured by this Security Instrument, upon approval by an authorized representative of the Secretary, if:

(i) The Property ceases to be the principal residence of a Borrower for reasons other than death and the Property is not the principal residence of at least one other Borrower; or

(ii) For a period of longer than twelve (12) consecutive months, a Borrower fails to physically occupy the Property because of physical or mental illness and the Property is not the principal residence of at least one other Borrower; or

(iii) An obligation of the Borrower under this Security Instrument is not performed.

**(c) Notice to Lender.** Borrower shall notify Lender whenever any of the events listed in Paragraph 9(a)(ii) and (b) occur.

**(d) Notice to Secretary and Borrower.** Lender shall notify the Secretary and Borrower whenever the loan becomes due and payable under Paragraph 9(a)(ii) and (b). Lender shall not have the right to commence foreclosure until Borrower has had thirty (30) days after notice to either:

(i) Correct the matter which resulted in the Security Instrument coming due and payable; or

(ii) Pay the balance in full; or

(iii) Sell the Property for the lesser of the balance or 95% of the appraised value and apply the net proceeds of the sale toward the balance; or

(iv) Provide the Lender with a deed in lieu of foreclosure.

**(e) Trusts.** Conveyance of a Borrower's interest in the Property to a trust which meets the requirements of the Secretary, or conveyance of a trust's interests in the Property to a Borrower, shall not be considered a conveyance for purposes of this Paragraph. A trust shall not be considered an occupant or be considered as having a principal residence for purposes of this Paragraph 9.

**(f) Mortgage Not Insured.** Borrower agrees that should this Security Instrument and the Note not be eligible for insurance under the National Housing Act within eight (8) months from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to eight (8) months from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

10. **No Deficiency Judgments.** Borrower shall have no personal liability for payment of the debt secured by this Security Instrument. Lender may enforce the debt only through sale of the Property. Lender shall not be permitted to obtain a deficiency judgment against Borrower if the Security Instrument is foreclosed. If this Security Instrument is assigned to the Secretary upon demand by the Secretary, Borrower shall not be liable for any difference between the mortgage insurance benefits paid to Lender and the outstanding indebtedness, including accrued interest, owed by Borrower at the time of the assignment.

11. **Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full. This right applies even after foreclosure proceedings are instituted. To reinstate this Security Instrument, Borrower shall correct the condition which resulted in the requirement for immediate payment in full. Foreclosure

Missouri 1ˢᵗ Deed of Trust (Fixed)

4

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

costs and reasonable and customary attorneys' fees and expenses properly associated with a foreclosure proceeding shall be added to the principal balance. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if:(i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two (2) years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the Security Instrument.

**12.    First Lien Status**

**(a) Modification.** Borrower agrees to extend this Security Instrument in accordance with this Paragraph 12(a). If Lender determines that the original lien status of the Security Instrument is jeopardized under state law (including but not limited to situations where the amount secured by the Security Instrument equals or exceeds the maximum principal amount stated or the maximum period under which loan advances retain the same lien priority initially granted to loan advances has expired) and state law permits the original lien status to be maintained for future loan advances through the execution and recordation of one or more documents, then Lender shall obtain title evidence at Borrower's expense. If the title evidence indicates that the Property is not encumbered by any liens (except this Security Instrument, the Second Security Instrument described in Paragraph 13(a) and any subordinate liens that the Lender determines will also be subordinate to any future loan advances), Lender shall request the Borrower to execute any documents necessary to protect the priority of the lien status of future loan advances. Borrower agrees to execute such documents. If state law does not permit the original lien status to be extended to future loan advances, Borrower will be deemed to have failed to have performed an obligation under this Security Instrument.

**(b) Tax Deferral Programs.** Borrower shall not participate in a real estate tax deferral program, if any liens created by the tax deferral are not subordinate to this Security Instrument.

**(c) Prior Liens.** Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien or forfeiture of any part of the Property; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to all amounts secured by this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within ten (10) days of the giving of notice.

**13.    Relationship to Second Security Instrument.**

**(a) Second Security Instrument.** In order to secure payments which the Secretary may make to or on behalf of Borrower pursuant to Section 255(i)(1)(A) of the National Housing Act and the Loan Agreement, the Secretary has required Borrower to execute a Second Note and a Second Security Instrument on the Property.

**(b) Relationship of First and Second Security Instruments.** Payments made by the Secretary shall not be included in the debt under the Note unless:

    (i) This Security Instrument is assigned to the Secretary; or

    (ii) The Secretary accepts reimbursement by the Lender for all payments made by the Secretary.

If the circumstances described in (i) or (ii) occur, then all payments by the Secretary, including interest on the payments but excluding late charges paid by the Secretary, shall be included in the debt under the Note.

**(c) Effect on Borrower.** Where there is no assignment or reimbursement as described in (b)(i) or (ii) and the Secretary makes payments to Borrower, then Borrower shall not:

    (i) Be required to pay amounts owed under the Note, or pay any rents and revenues of the Property under

Missouri 1ˢᵗ Deed of Trust (Fixed)

5

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

Paragraph 19 to Lender or a receiver of the Property, until the Secretary has required payment in full of all outstanding principal and accrued interest under the Second Note; or

(ii) Be obligated to pay interest or shared appreciation under the Note at any time, whether accrued before or after the payments by the Secretary, and whether or not accrued interest has been included in the principal balance under the Note.

**(d) No Duty of the Secretary.** The Secretary has no duty to Lender to enforce covenants of the Second Security Instrument or to take actions to preserve the value of the Property, even though Lender may be unable to collect amounts owed under the Note because of restrictions in this Paragraph 13.

14. **Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy shall not be a waiver of ,or preclude the exercise of, any right or remedy.

15. **Successors and Assigns Bound; Joint and Several Liability.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender. Borrower may not assign any rights or obligations under this Security Instrument or under the Note, except to a trust that meets the requirements of the Secretary. Borrower's covenants and agreements shall be joint and several.

16. **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address all Borrowers jointly designate. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this Paragraph 16.

17. **Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

18. **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

19. **Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by this Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this Paragraph 19.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender.

Missouri 1ˢᵗ Deed of Trust (Fixed)

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

This assignment of rents of the Property shall terminate when the debt secured by this Security Instrument is paid in full.

20.    **Foreclosure Procedure.  If Lender requires immediate payment in full under Paragraph 9, Lender may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Paragraph 20, including, but not limited to, reasonable attorney's fees and costs of title evidence.**

If Lender invokes the power of sale, Lender or Trustee shall mail copies of a notice of sale in the manner prescribed by applicable law to Borrower and to other persons prescribed by applicable law. Trustee shall give notice of sale by public advertisement for the time and in the manner prescribed by applicable law. Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder for cash at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property to any later time on the same date by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

21.    **Lien Priority.**  The full amount secured by this Security Instrument shall have the same priority over any other liens on the Property as if the full amount had been disbursed on the date the initial disbursement was made, regardless of the actual date of any disbursement. The amount secured by this Security Instrument shall include all direct payments by Lender to Borrower and all other loan advances permitted by this Security Instrument for any purpose. This lien priority shall apply notwithstanding any State constitution, law or regulation, except that this lien priority shall not affect the priority of any liens for unpaid State or local governmental unit special assessments or taxes.

22.    **Release.**  Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under applicable law.

23.    **Substitute Trustee.**  Lender, at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder by an instrument recorded in the county in which this Security Instrument is recorded.  Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon Trustee herein and by applicable law.

24.    **Lease of the Property.**  Trustee hereby leases the Property to Borrower until this Security Instrument is either satisfied and released or until there is a default under the provisions of this Security Instrument.  The Property is leased upon the following terms and conditions: Borrower, and every person claiming an interest in or possessing the Property or any part thereof, shall pay rent during the term of the lease in the amount of one cent per month, payable on demand, and without notice or demand shall and will surrender peaceable possession of the Property to Trustee upon default or to the purchaser of the Property at the foreclosure sale.

25. **Homestead Exemption.**   Borrower hereby waives all homestead exemptions in the Property to which Borrowers would otherwise be entitled under applicable law.

Missouri 1ˢᵗ Deed of Trust (Fixed)

7

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

**26. Notice.** Oral agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable, regardless of the legal theory upon which it is based that is in any way related to the credit agreement. To protect you (Borrower(s)) and us (creditor) from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between us, except as we may later agree in writing to modify it.

**27. Obligatory Loan Advances.** Lender's responsibility to make Loan Advances under the terms of the Loan Agreement, including Loan Advances of principal to Borrower as well as Loan Advances for interest, MIP, Servicing Fees, and other charges shall be obligatory.

**28.    Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check all riders that are applicable].

| | | | |
|---|---|---|---|
| | Condominium Rider | | PUD Rider |
| | Shared Appreciation Rider | | Other |

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_____      _____
PHYLLIS WILKERSON (Borrower)          ALLAN J. WILKERSON (BORROWER)

------------------------[Space Below This Line for Acknowledgment]----------------------

STATE OF MISSOURI
County of: _____ (ss)

On this _____ day of _____ in the year _____ , before me, the undersigned notary public, personally appeared **Phyllis Wilkerson and Allan J. Wilkerson**, known to me to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged that he/she/they executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

Missouri 1ˢᵗ Deed of Trust (Fixed)

8

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

My term expires: 6 : 22 : 2010
Commission number: 06904434
SEAL

LEONARD H. HENSON
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI - ST. FRANCOIS COUNTY
COMMISSION # 06904434
MY COMMISSION EXPIRES 6/22/2010

Notary Public

Missouri 1st Deed of Trust (Fixed)

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

# Exhibit "A"
## Legal Description

All that certain parcel of land situate in the County of Washington, State of Missouri, being known and designated as follows:

Part of the South half of Section 5, Township Thirty-seven (37) North, Range 2 East, described as follows:

Begin at an iron peg 550 feet East of the Northwest corner of Northeast Quarter of the Southwest Quarter of Section 5, Township 37 North, Range 2 East to the beginning corner of land to be conveyed, thence running East 48 feet to iron peg, thence running Southwardly 337 feet to Potosi Latty County Road and thence Westwardly along County Road 800 feet to iron peg, thence Northwardly 348 feet to place of beginning. Containing 6.1 acres, more or less.

Tax ID:   Part of 19-3.0-5.1-000-000-025.000

1873117 - 1

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

25WA-CC00107

Recorded in Washington County, Missouri

Recording Date/Time: **07/24/2018** at **03:47:29 PM**

Instr #: **2018002699**
Book: **2018**     Page: **2595**
Type: **AS**
Pages: **2**
Fee: **$27.00 S**

**Electronically Recorded**

Pamela Blair
Recorder of Deeds

*1030280*

## CORPORATE ASSIGNMENT OF DEED OF TRUST

Washington, Missouri
**SELLER'S SERVICING #:1030280** "WILKERSON"

Date of Assignment: July 24th, 2018
Grantor/Assignor: NATIONSTAR MORTGAGE LLC D/B/A CHAMPION MORTGAGE COMPANY at 8950 CYPRESS WATERS BLVD, COPPELL, TX  75019
Grantee/Assignee: SECRETARY OF HOUSING AND URBAN DEVELOPMENT at 451 7TH STREET, S.W., WASHINGTON, DC  20410

Deed Of Trust executed by: ALLAN J. WILKERSON AND PHYLLIS WILKERSON, HUSBAND AND WIFE as original grantor  To: METLIFE HOME LOANS, A DIVISION OF METLIFE BANK, N.A. as original grantee
Date of Deed of Trust:  06/29/2009 Recorded:  09/10/2009  in Book/Reel/Liber: 2009 Page/Folio: 13798 ReRecorded 12/10/2009  in Book/Reel/Liber: 2009 Page/Folio: 18148  In the County of Washington, State of Missouri.

Property Address: 19971 STATE HIGHWAY AA, POTOSI, MO  63664

Legal:  ALL THAT CERTAIN PARCEL OF LAND SITUATE IN THE COUNTY OF WASHINGTON, STATE OF MISSOURI, BEING KNOWN AND DESIGNATED AS FOLLOWS:

PART OF THE SOUTH HALF OF SECTION 5, TOWNSHIP THIRTY-SEVEN (37) NORTH, RANGE 2 EAST, DESCRIBED AS FOLLOWS:

BEGIN AT AN IRON PEG 550 FEET EAST OF THE NORTHWEST CORNER OF NORTHEAST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 5, TOWNSHIP 37 NORTH, RANGE 2 EAST TO THE BEGINNING CORNER OF LAND TO BE CONVEYED, THENCE RUNNING EAST 48 FEET TO IRON PEG, THENCE RUNNING SOUTHWARDLY 337 FEET TO POTOSI LATTY COUNTY ROAD AND THENCE WESTWARDLY ALONG COUNTY ROAD 800 FEET TO IRON PEG, THENCE NORTHWARDLY 348 FEET TO PLACE OF BEGINNING. CONTAINING 6.1 ACRES, MORE OR LESS.

Statutory Address: 8950 CYPRESS WATERS BLVD, COPPELL, TX  75019
    KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto the above-named

*JB4*JB4NATT*07/24/2018 03:46:32 PM* NATT02NATTA00000000000001617519* MOWASHI* 1030280 MOSTATE_TRUST_ASSIGN_ASSN **VMENATT*

**EXHIBIT**

**6**

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

CORPORATE ASSIGNMENT OF DEED OF TRUST Page 2 of 2

Assignee, the said Deed of Trust having an original principal sum of $237,000.00 with interest, secured thereby, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's interest under the Deed of Trust.

TO HAVE AND TO HOLD the said Deed of Trust, and the said property unto the said Assignee forever, subject to the terms contained in said Deed of Trust.

IN WITNESS WHEREOF, the assignor has executed these presents the day and year first above written:
NATIONSTAR MORTGAGE LLC D/B/A CHAMPION MORTGAGE COMPANY
On July 24th, 2018

By: _Colleen Barnett_
COLLEEN BARNETT,
Vice-President

STATE OF Texas
COUNTY OF Dallas

On July 24th, 2018, before me, OMAR BASPED, a Notary Public in and for Dallas in the State of Texas, personally appeared  COLLEEN BARNETT, Vice-President , personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

_____
OMAR BASPED
Notary Expires: 12/04/2019 #130458850

OMAR BASPED
Notary Public, State of Texas
Comm. Expires 12-04-2019
Notary ID 130458850

(This area for notarial seal)

Recording Requested By: Champion Mortgage Company
When Recorded Return To: _____, 8950 CYPRESS WATERS
BOULEVARD, COPPELL, TX  75019

*JB4*JB4NATT*07/24/2018 03:46:32 PM* NATT02NATTA00000000000001617519* MOWASHI* 1030280 MOSTATE_TRUST_ASSIGN_ASSN **VMENATT*

Recorded in Washington County, Missouri
Recording Date/Time: **07/17/2017** at **12:50:03 PM**
Instr #: **2017002623**
Book: **2017**    Page: **2400**
Type:    AS
Pages:    3
Fee:    $30.00 S



**Electronically Recorded**

Pamela Blair
**Recorder of Deeds**

Record & Return To:
Title 365
345 Rouser Road, Bldg 5
Coraopolis, PA 15108
412-893-2358



S482152ASG

REF

Loan #: 3174555 / 1030280
Deal Name: Solutionstar Settlements
*MO, Washington*

## CORRECTIVE ASSIGNMENT OF FIXED RATE HOME EQUITY CONVERSION DEED OF TRUST

DATED: 7/11/17

FOR VALUE RECEIVED, the receipt and sufficiency of which is hereby acknowledged, the undersigned, **MetLife Home Loans, a Division of MetLife Bank, N.A.**, 1555 W WALNUT HILL LANE, IRVING, TX, 75038, herein ("GRANTOR"), does hereby grant, sell, assign, transfer and convey, without recourse unto **Nationstar Mortgage LLC d/b/a Champion Mortgage Company**, 8950 Cypress Waters Blvd, Coppell, TX 75019 herein ("GRANTEE")that certain FIXED RATE HOME EQUITY CONVERSION DEED OF TRUST recorded in Washington County, MO referenced below;

**Borrower: ALLAN J. WILKERSON AND PHYLLIS WILKERSON, HUSBAND AND WIFE**
**Original Lender: MetLife Home Loans, a Division of MetLife Bank, N.A.,**
**Dated:** 06/29/2009        **Recorded:** 09/10/2009
**Book:** 2009        **Page:** 13798
**Loan Amount:** $237,000.00
**Re-recorded on** 12/10/2009 **Book:** 2009 **Page:** 18148
**Property:**        19971 STATE HIGHWAY AA, POTOSI, MO 63664

**Legal Description is located on page 3 as Exhibit "A" attached hereto and made a part hereof**

THIS DOCUMENT BEING RECORDED DUE TO OMISSION OF ORIGINAL RECORDING INFORMATION ON ASSIGNMENT RECORDED 11/02/2012 BOOK: 2012 PAGE: 15734

Together with the note(s) and obligations therein described or referred to, the money due and to become due thereon, with interest, and all rights accrued or to accrue under said document referenced above.

TO HAVE AND TO HOLD the same unto Assignee, its successors and assigns, forever, subject only to the terms and conditions of the document above-described.

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

Page 2
Loan #: 3174555 / 1030280

IN WITNESS WHEREOF, Assignor has caused this Assignment to be executed and delivered, effective 7/11/17.

Nationstar Mortgage LLC D/B/A Champion Mortgage Company as attorney-in-fact for MetLife Home Loans LLC, as successor by merger to MetLife Bank, N.A., as successor by merger to Everbank Reverse Mortgage, LLC, formerly known as BNY Mortgage Company, LLC, sometimes doing business as MetLife Home Loans, a Division of MetLife Bank, N.A.

By: _____

Name:             **Aishia Porter**

Title:     ASSISTANT SECRETARY

STATE OF TEXAS
COUNTY OF Dallas
_____

On 7-11-17 , before me, _____ **Katryna Ferguson** ___, Notary Public, in and for said State, personally appeared _____ **Aishia Porter** _____, ASSISTANT SECRETARY of Nationstar Mortgage LLC D/B/A Champion Mortgage Company as attorney-in-fact for MetLife Home Loans LLC, as successor by merger to MetLife Bank, N.A., as successor by merger to Everbank Reverse Mortgage, LLC, formerly known as BNY Mortgage Company, LLC, sometimes doing business as MetLife Home Loans, a Division of MetLife Bank, N.A. , [X] personally known to me or [___] proved to me on the basis of satisfactory evidence through the presentation of ___ N/A ___ [description of evidence] to be the person whose name is subscribed to the within instrument who acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person or entity on behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

Notary Public _____ **Katryna Ferguson**
My Commission Expires: ___ 3\3\20 ___

```
          KATRYNA FERGUSON
       Notary Public, State of Texas
       Comm. Expires 03-03-2020
          Notary ID 130666911
```

EXHIBIT "A"

All that certain parcel of land situate in the County of Washington, State of Missouri, being known and designated as follows:

Part of the South half of Section 5, Township Thirty-seven (37) North, Range 2 East, described as follows:

Begin at an iron peg 550 feet East of the Northwest corner of Northeast Quarter of the Southwest Quarter of Section 5, Township 37 North, Range 2 East to the beginning corner of land to be conveyed, thence running East 48 feet to iron peg, thence running Southwardly 337 feet to Potosi Latty County Road and thence Westwardly along County Road 800 feet to iron peg, thence Northwardly 348 feet to place of beginning. Containing 6.1 acres, more or less.

Tax ID:   Part of 19-3.0-5.1-000-000-025.000

EXHIBIT "A"

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

```
#Pages 3
Date 11/02/2012
Time10:18:33 AM
Book # 2012
Page # 15734

Filed & Recorded in
Official Records of
WASHINGTON
JUDY MOYERS
RECORDER OF DEEDS

Fees $30.00
```



**MISSOURI**

COUNTY OF **WASHINGTON**
POOL NO.
LOAN NO.*1902002176*

PREPARED BY SECURITY
CONNECTIONS, INC.
ON:
WHEN RECORDED MAIL TO:
*SECURITY CONNECTIONS INC.*
*240 TECHNOLOGY DRIVE*
*IDAHO FALLS, ID 83401*
*PH:(208)528-9895*
ATTN: *TERRILL NIELSON*

# ASSIGNMENT OF DEED OF TRUST

KNOW ALL MEN BY THESE PRESENTS (Grantor): *METLIFE HOME LOANS, A*
*DIVISION OF METLIFE BANK, N.A.,*

located at *1555 W.WALNUT HILL LANE, IRVING, TX 75038*
for value received does hereby convey unto (Grantee)*CHAMPION MORTGAGE*
*COMPANY*

located at *350 HIGHLAND DRIVE  LEWISVILLE, TX 75067*

all of its rights, title, and interest of, in and to that certain
Deed of Trust dated this *29th*    day of *JUNE*         , A.D.*2009*    ,
executed by *ALAN J. WILKERSON AND PHYLLIS WILKERSON, HUSBAND AND WIFE*

                    to   *METLIFE HOME LOANS, A DIVISION OF METLIFE BANK, N.A.*

and duly filed for record in *WASHINGTON*        *COUNTY*      , State
of Missouri, on this *10th*    day of *DECEMBER*      A.D. *2009* , and
duly recorded as Instrument No. _____ in Book *2009*
Page *18148*             .  Described hereinafter as follows:
              *SEE PAGE 3.*

Loan No.
*P=S.002.00192.53*          *J=ml8070112ai.s.36480*
(NMRI.MO)                   (PAGE 1 OF 2)

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

Loan No*1902002176*

IN WITNESS WHEREOF, *METLIFE HOME LOANS, A DIVISION OF METLIFE BANK, N.A.*

has caused this instrument to be signed by its **Limited Vice President** and attested by its _____ this ____ day of **AUG 2 4 2012** ,A.D. _____.

[NO SEAL]

METLIFE HOME LOANS, A DIVISION OF METLIFE BANK, N.A.

BY _____
Ana Garces
**Limited Vice President**

STATE OF **TEXAS** )
                    ) SS
COUNTY OF **DALLAS** )

On **AUG 2 4 2012** , before me, . **Felita S. McDuffie** _____
personally appeared **Ana Garces** _____
and _____ personally known
to me (or proved to me on the basis of satisfactory evidence) to be
the person(s) who executed the within instrument as **Limited Vice President**
_____ and _____ on behalf of the
Corporation therein named and acknowledged to me that the Corpora-
tion executed it.

_Felita S. McDuffie_
**Felita S. McDuffie**
NOTARY PUBLIC

FELITA S MCDUFFIE
My Commission Expires
July 8, 2015

C=
P=S.002.00192.53          J=ml8070112ai.s.36480
(NMRI.MO.2)                    (PAGE 2 OF 2)

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

ML-AI-1902002176

All that certain parcel of land situate in the County of Washington, State of Missouri, being known and designated as follows:

Part of the South half of Section 5, Township Thirty-seven (37) North, Range 2 East, described as follows:

Begin at an iron peg 550 feet East of the Northwest corner of Northeast Quarter of the Southwest Quarter of Section 5, Township 37 North, Range 2 East to the beginning corner of land to be conveyed, thence running East 48 feet to iron peg, thence running Southwardly 337 feet to Potosi Latty County Road and thence Westwardly along County Road 800 feet to iron peg, thence Northwardly 348 feet to place of beginning. Containing 6.1 acres, more or less.

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

**25WA-CC00107**

Space Above for Recorder's Use Only

## DOCUMENT COVER SHEET

**TITLE OF DOCUMENT:**  FIRST AMENDMENT OF FIXED RATE HOME EQUITY CONVERSION DEED OF TRUST (WITH RELEASE)

**DATE OF DOCUMENT**  _____ ___, 2025

**GRANTEE(S):**  UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, as successor-in-interest to METLIFE HOME LOANS, A DIVISION OF METLIFE BANK, N.A.

**MAILING ADDRESS:**  _____

_____

**GRANTOR(S):**  ALLAN J. WILKERSON AND PHYLLIS WILKERSON
**MAILING ADDRESS:**  19921 State Highway, AA
Potosi, MO 63664

**LEGAL DESCRIPTION:**  See attached Exhibit A and Exhibit B

**REF. BOOK AND PAGE:**  Book 2009, Page 13798
**RETURN TO:**  Missy McCoy
Lewis Rice, LLC
600 Washington Avenue
Suite 2500
St. Louis, Missouri 63101
Telephone Number: 314-444-1350

**EXHIBIT**

**7**

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

**FIRST AMENDMENT OF**
**FIXED RATE HOME EQUITY CONVERSION DEED OF TRUST**
**(WITH RELEASE)**

This FIRST AMENDMENT OF FIXED RATE HOME EQUITY CONVERSION DEED OF TRUST (WITH RELEASE) (this "*Amendment*") is dated as of _____ ___, 2025, by and among ALLAN J. WILKERSON AND PHYLLIS WILKERSON, husband and wife ("*Mortgagor*"), for the benefit of the UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, as successor-in-interest to METLIFE HOME LOANS, A DIVISION OF METLIFE BANK, N.A. (together with its successors and assigns, "*Mortgagee*").

**Recitals**

**A.**    Mortgagor executed and delivered to Mortgagee a Fixed Rate Home Equity Conversion Deed of Trust dated as of June 29, 2009, which was recorded on September 10, 2009 in Book 2009, Page 13798 of the land records of the Recorder of Deeds of Washington County, Missouri (the "*Original Deed of Trust*").  The Original Deed of Trust is a lien on real property which secures to Mortgagee the payment and performance of certain secured indebtedness as described therein and other obligations and indebtedness.

**B.**    The legal description of the real property encumbered by the Original Deed of Trust incorrectly referred to certain real property owned by Mortgagor (the "*Original Real Property*").

**C.**    Mortgagor and Mortgagee desire to amend the Original Deed of Trust to correct the legal description of the real property encumbered by the Original Deed of Trust.

Therefore, Mortgagor covenants and agrees with Mortgagee as follows:

1.    **Defined Terms.**  All capitalized terms used and not otherwise defined herein shall have the meanings given them in the Original Deed of Trust.

2.    **Amendments to Original Deed of Trust.**  Exhibit A to the Original Deed of Trust is hereby replaced with Exhibit A to this Amendment.  By making such replacement, it is the intention of Mortgagor and Mortgagee that the lien of the Original Deed of Trust shall no longer apply to the property described in Exhibit B hereto (the "*Released Property*") but shall instead apply to the property described in Exhibit A hereto (the "*Encumbered Property*"), as of the date of the Original Deed of Trust.  The term *Property* in the Original Deed of Trust, as amended by this Amendment, shall be construed as referring to the real property described in Exhibit A to this Amendment together with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, and fixtures now or hereafter a part of the property and all replacements and additions shall also be covered by the Security Instrument. Exhibit A to the Original Deed of Trust shall be deemed and treated as replaced by Exhibit A to this Amendment.

3.    **Grant and Release.**  In furtherance of the foregoing, (a) Mortgagee, as the present holder and legal owner of the Original Deed of Trust, does hereby remise, release, and quit-claim the

1

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

Released Property to the present owner thereof, and (b) Mortgagor grants, transfers, assigns, bargains and sells, conveys and confirms to Mortgagee the Encumbered Property, to have and to hold the Encumbered Property with all rights, appurtenances, and privileges thereunto belonging, unto the Mortgagee and Mortgagee's successors, assigns and substitutes forever, to secure all of the secured indebtedness as provided in the Original Deed of Trust.

4.    **Title and Permitted Encumbrances.**  Mortgagor has, in Mortgagor's own right, and Mortgagor covenants to maintain, lawful, good and marketable title to the Encumbered Property, free and clear of all liens, charges, claims, security interests, and encumbrances.  Mortgagor, and Mortgagor's successors and assigns, will warrant generally and forever defend title to the property described on Exhibit A to this Amendment, to Mortgagee and Mortgagee's successors, assigns and substitutes, against the claims and demands of all persons claiming or to claim the same or any part thereof.

5.    **Representations and Warranties.**  Mortgagor hereby represents and warrants to Mortgagee that this Amendment constitutes the legal, valid and binding obligation of Mortgagor, enforceable against Mortgagor in accordance with its terms, except to the extent that the enforceability thereof against Mortgagor may be limited by bankruptcy, insolvency, fraudulent conveyance, reorganization, moratorium or similar laws affecting the enforceability of creditors' rights generally or by equitable principles of general application (whether considered in an action at law or in equity).

6.    **Effect On Loan Documents.**  The Original Deed of Trust, as amended hereby, remains in full force and effect and is hereby ratified and confirmed in all respects.  The execution, delivery and effectiveness of this Amendment shall not operate as a waiver of any right, power or remedy of Mortgagor under the Original Deed of Trust, as amended hereby, or any of the other Loan Documents, as defined below.

7.    **Reaffirmation.**  Mortgagor hereby ratifies, affirms, acknowledges, and agrees that the Original Deed of Trust, as amended hereby, and the Loan Agreement and Note, and any other documents executed by Mortgagor in connection with the Original Deed of Trust (collectively, the "*Loan Documents*"), represent the valid and enforceable obligations of Mortgagor. Mortgagor further acknowledges that there are no existing claims, defenses, personal or otherwise, or rights of setoff whatsoever with respect to the Original Deed of Trust, as amended hereby, or the Loan Documents. The security interests and liens securing payment of the secured indebtedness are hereby ratified and confirmed by Mortgagor in all respects and Mortgagor reaffirms its obligation to perform all of its covenants in the Original Deed of Trust as hereby amended.

8.    **Governing Law.**  This Amendment and the rights and obligations of the parties hereunder shall be governed by and construed in accordance with the internal laws of the State of Missouri applicable to contracts made and to be performed wholly within such State.

9.    **Section Titles.**  The section titles contained in this Amendment are without substance, meaning or content of any kind whatsoever and are not a part of the agreement between the parties hereto.

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

*[Remainder of page intentionally left blank; signature pages follow.]*

3

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

IN WITNESS WHEREOF, Mortgagor has executed this Amendment as of the date first written on page 1 hereof.

"Mortgagor"


_____          _____
**ALLAN J. WILKERSON**                            **PHYLLIS WILKERSON**


STATE OF MISSOURI                    )
                                     ) SS.
COUNTY OF _____                  )

On this ____ day of _____, 2025, before me appeared Allan J. Wilkerson and Phyllis Wilkerson, to me personally known, who, being by me duly sworn, that said instrument was signed, and said person acknowledged the instrument to be the free act and deed of himself.

IN TESTIMONY WHEREOF, I have hereunto set my hand in the County and State aforesaid, the day and year first above written.


                              _____
                                             Notary Public

                              My Commission expires:  _____


[Signature Page to Amendment]

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

IN WITNESS WHEREOF, Mortgagee has executed this Amendment as of the date first written on page 1 hereof.

"Mortgagee"

**UNITED STATES DEPARTMENT
OF HOUSING AND URBAN DEVELOPMENT,
as successor-in-interest to
METLIFE HOME LOANS,
A DIVISION OF METLIFE BANK, N.A.**

By: _____

Name: _____

Title: _____

STATE OF _____                    )
                                       ) SS.
COUNTY OF _____                      )

On this ___ day of _____, 2025, before me appeared_____, to me personally known, who, being by me duly sworn did say that he or she is a _____ of UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, as successor-in-interest to METLIFE HOME LOANS, A DIVISION OF METLIFE BANK, N.A., and that said instrument was signed in behalf of said _____ by authority of its _____, and said _____ acknowledged said instrument to be the free act and deed of said association.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal in the County and State aforesaid the day and year first above written.

_____
Notary Public

My Commission Expires:

_____

[Signature Page to Amendment]

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

EXHIBIT A

Replacement Legal Description of the Property
That Remains Subject to the Lien of the Original Deed of Trust

A tract of land being part of Section 5, Township 37 North, Range 2 East of the Fifth Principal Meridian, situated in Washington County, Missouri, described as follows: Commencing at a found iron pin marking the Southwest Corner of a tract as recorded in Deed Record Book 2008 at Page 8094 of the Office of Recorder of Deeds of Washington County, Missouri; thence South 89°40'07" East, 590.60 feet to a #4 rebar w/cap set as the point of beginning of the tract herein described; thence North 01°09'20" East, 291.72 feet to a set #4 rebar w/cap; thence North 79°17'09" East, 196.01 feet to a set #4 rebar w/cap; thence North 11°38'03" West, 29.62 feet to a set #4 rebar w/cap; thence South 89°40'09" East, 325.61 feet to a #4 rebar w/ cap set on the West Line of a tract as recorded in Deed Record Book 2004 at Page 27650; thence on said West Line, South 01°07'15" East, 358.32 feet to a #4 rebar w/cap set as the Southwest Corner of said tract in Book 2004 at Page 27650; thence North 89°40'12" West, 24.44 feet to a set #4 rebar w/cap; thence South 26°45'42" West, 122.95 feet to a found iron pin; thence North 89°17'12" West, 355.44 feet to a found iron pin on the centerline of a private drive; thence on said centerline, North 04°22'30" East, 107.98 feet to a set #4 rebar w/cap; thence leaving said centerline, North 89°39'33" West, 98.14 feet to the point of beginning, containing 5.00 acres, more or less, subject to conditions, reservations, restrictions and easements of record and not of record and being part of larger tracts as recorded in Deed Record Book 150 at Page 475 of the Office of Recorder of Deeds of Washington County, Missouri.


Further, an easement for purposes of ingress and egress to the above described tract, said easement being 20 feet in width and lying 10 feet on each side of a centerline described as follows: Commencing at the Southwest Corner of the above described 5.00 acre tract; thence South 89°39'33" East, 98.14 feet to the point of beginning of the centerline of a 20 foot wide roadway easement; thence on said centerline as follows, South 04°22'30" West, 107.98 feet, South 00°03'20" East, 50.47 feet, South 07°51'29" East, 54.39 feet and South 11°35'38" East, 107.76 feet to the point of termination of said centerline of the  North Line of Mo. Rte. "AA".

EXHIBIT A

Electronically Filed - WASHINGTON - December 15, 2025 - 05:13 PM

EXHIBIT B

Description of Released Property
That Is No Longer Subject to the Lien of the Original Deed of Trust

All that certain parcel of land situate in the County of Washington, State of Missouri, being known and designated as follows:

Part of the South half of Section 5, Township Thirty-seven (37) North, Range 2 East, described as follows:

Begin at the iron peg 500 feet East of the Northwest corner of Northeast Quarter of the Southwest Quarter of Section 5, Township 37 North, Range 2 East to the beginning corner of land to be conveyed, thence running East 48 feet to iron peg, thence running Southwardly 337 feet to Potosi Latty County Road and thence Westwardly along County Road 800 feet to iron peg, thence Northwardly 348 feet to the place of beginning. Containing 6.1 acres, more or less.

Tax ID: Part of 19-3.0-5.1-000-000-025.000

EXHIBIT B

# IN THE TWENTY-FOURTH JUDICIAL CIRCUIT OF MISSOURI

## ORDER ASSIGNING JUDGE

IN THE MATTER OF:

ALLAN WILKERSON
ET AL
VS
THE UNITED STATES
DEPART

CASE NO.  25WA-CC00107

NOW ON THIS ____16th____ day of __December____, 20 _25_, the undersigned, as Presiding Judge of the Twenty-fourth Judicial Circuit, pursuant to the powers granted by statute and local court rules, does assign the above-styled cause to the Honorable____Tony Dorsett_____.

IT IS FURTHER ORDERED that the judge assigned hereby shall have all Powers and responsibilities for this cause as assigned by operation of law and the same shall continue until final disposition of the above-styled matter. The clerk is ordered to notify said Judge and counsel of this appointment.

_____
BRICE SECHREST
PRESIDING JUDGE
24TH JUDICIAL CIRCUIT

Electronically Filed - WASHINGTON - December 18, 2025 - 02:09 PM

**IN THE CIRCUIT COURT FOR THE TWENTY-FOURTH JUDICIAL CIRCUIT WASHINGTON COUNTY, MISSOURI**

| | | |
|---|---|---|
| ALLAN J. WILKERSON and PHYLLIS WILKERSON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Cause No. 25WA-CC00107 |
| THE UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, | ) ) ) ) | |
| Defendant. | ) ) | |

**REQUEST FOR SUMMONS**

COME NOW Plaintiffs Allan J. Wilkerson and Phyllis Wilkerson (collectively, the "Wilkersons"), by and through their undersigned counsel, and pursuant to Mo. Sup. Ct. R. 54.01(b)(2), hereby respectfully requests that the Circuit clerk issue and deliver the Summons to undersigned counsel for Plaintiffs for prompt service, with a copy of the pleading and any other paper requiring service, on Defendant United States of America, Department of Housing and Urban Development ("HUD"), through its Registered Agent, Pam Bondi, U.S. Attorney General United States Department of Justice, 950 Pennsylvania Avenue, NW Washington, DC 20530.

Electronically Filed - WASHINGTON - December 18, 2025 - 02:09 PM

Dated: December 18, 2025

Respectfully submitted,

**LEWIS RICE LLC**

By:   /s/ John B. Greenberg
John B. Greenberg, #40242
Jared A. Gillen, #77621
600 Washington Avenue, Suite 2500
St. Louis, MO 63101
(314) 444-7682 (telephone)
(314) 612-7682 (facsimile)
jgreennberg@lewisrice.com
jgillen@lewisrice.com

*Attorneys for Plaintiffs*